**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Sep 24, 2021

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| MASON's AUTOMOTIVE COLLISION CENTER, LLC., on behalf of itself and all similarly situated persons and entities, | | PLAINTIFF |
| vs. | Case No. 2:21cv2153 | |
| AUTO-OWNERS INSURANCE COMPANY | | DEFENDANT |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff Mason's Automotive Collision Center, LLC ("Plaintiff" or "Mason's Automotive Collision") on behalf of itself and all similarly situated persons and entities, through its attorneys, and for its Class Action Complaint against Auto-Owners Insurance Company ("Defendant" or "AUTO-OWNERS"), states and alleges:

1. AUTO-OWNERS' form insurance policies **do not** cover damage to a building's foundation. However, when faced with an insured's claim AUTO-OWNERS **includes** the cost of repairing the building's foundation as part of a scheme to reduce the amount it must pay its policyholders through a Coinsurance provision.

2. This Action seeks to hold AUTO-OWNERS accountable for this misconduct, class certification, and damages for AUTO-OWNERS' breach of contract and unjust enrichment.

3. Plaintiffs seek class certification under Rule 23(b)(2). A final declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and "further necessary or proper relief" under 28 U.S.C. §2202 would allow the Plaintiffs and the Class to receive substantial benefits they otherwise could not obtain, including monies Defendant

Page 1 of 16

has been held in escrow or kept by Defendant.

4. This Action also seeks class certification under Federal Rule of Civil Procedure 23(b)(3) and damages for AUTO-OWNERS's breach of contract in connection with their scheme to underpay insureds.

5. This Action also seeks individual relief for Plaintiff for Defendant's bad faith and breach of contract.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Mason's Automotive Collision Center, LLC, ("Mason's Automotive Collision") is an Arkansas Limited Liability Company, with a principal address of 401 Wheeler Avenue, Fort Smith, AR 72901-3617.

7. Defendant, Auto-Owners Insurance Company is a Michigan Insurance Company doing business in the State of Arkansas. AUTO-OWNERS' principal place of business is 6101 Anacapri Boulevard, Lansing, MI 48917-3968. AUTO-OWNERS can be served with process in this Action through its registered agent: CT Corporation System, 124 West Capitol, Suite 1900, Little Rock, AR 72201-3717.

8. This Court has subject-matter jurisdiction over this Action under 28 U.S.C. § 1332(d)(2). There are more than 100 members in the proposed classes, at least one member of the proposed class has state citizenship that is different than AUTO-OWNERS, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over AUTO-OWNERS under the due process clause of the Fourteenth Amendment to the United States Constitution.

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a)(2) because a substantial part of the acts and transactions complained of herein occurred in this District and

under 28 U.S.C. § 1391(b)(3). Venue is proper in this Division under 28 U.S.C. § 83(a).

## FACTUAL ALLEGATIONS

A. <u>AUTO-OWNERS's Insurance Policy</u>

11. AUTO-OWNERS insured Mason's Automotive Collision under an insurance contract. In this insurance contract, AUTO-OWNERS agreed to insure Mason's Automotive Collision at 4300 Townson Ave., Fort Smith, AR 72901-7955 (the "Covered Property"), with a policy number 175024-70545480-18 (the "Policy"). *See* Exhibit No. 1, Tailored Protection Insurance Policy.

12. Plaintiff paid AUTO-OWNERS' premiums in exchange for insurance coverage under the Policy. Plaintiff paid the required premiums at all times relevant to this Complaint.

13. The Policy's Declarations provided coverage on the building on the Covered Property with a limit of $399,200. An agent of AUTO-OWNERS determined this amount.

14. The Policy's Declarations also contained a Coinsurance percentage of 80% and a deductible of $5,000.

15. Coinsurance provisions mean that an insurance company will not pay the full value of a loss if the value of the covered property at the time of loss is greater than the limit of insurance on the property but instead will pay a fraction of the loss. Thus, the greater the value of the covered property at the time of loss, the less the insurance company will pay its insured.

16. The Policy's Business and Personal Property Coverage Form provides:

> A. COVERAGE
>
> > We will pay for direct physical loss or damage to **Covered Property** at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

       1.    **Covered Property**

           **Covered property** as used in this Coverage Part, means the type of property described in Section **A.1.**, and limited in **A.2.**, Property Not Covered if a Limit of Insurance is shown in the Declarations for that type of property.

17.    The Policy's Business and Personal Property Coverage Form also provides:

       2.    Property Not Covered

           **Covered Property** does not include:

           g.    **Foundations of buildings,** structures, machinery or boilers if their foundations are below:
                (1)    The lowest basement floor; or
                (2)    The surface of the ground, if there is no basement.

18.    The Policy's Business and Personal Property Coverage Form also provides:

       **E.**    **LOSS CONDITIONS**

           The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

           **7.**    **Valuation**
                We will determine the value of **Covered Property** in the event of loss or damage as follows:

                a.    At actual cash value as of the time of loss or damage…

F.  **ADDITIONAL CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

1. Coinsurance

   If a Coinsurance percentage is shown in the Declarations, the following condition applies:

   a. We will not pay the full amount of any loss if the **value of Covered Property** at the time of the loss times the Coinsurance percentage shown for it in the Declaration is greater than the Limit of Insurance for the property.

   Instead, we will determine the most we will pay using the following steps:
   (1) Multiply the value of the Covered Property at the time of loss by the Coinsurance percentage;
   (2) Divide the Limit of Insurance of the property by the figure determined in Step (1);
   (3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and
   (4) Subtract the deductible from the figure determined in Step (3).

19. AUTO-OWNERS Policy is a form policy with common language to all Class Members.

20. AUTO-OWNERS is a national insurer that sells commercial property insurance, among other types of insurance. The AUTO-OWNERS property insurance policies[1] are materially identical as it relates to the contractual dispute in this Action.

21. The laws in the Multi-States are materially identical as it relates to the contractual

---

[1] AUTO-OWNERS sells the same Form "Building and Business Personal Property Coverage Form," that is at issue in this case in the following states: (1) Alabama, (2) Arkansas, (3) Georgia, (4) Iowa, (5) Idaho, (6) Illinois, (7) Indiana, (8) Kansas, (9) Missouri, (10) North Carolina, (11) North Dakota, (12) Nebraska, (13) Ohio, (14) Pennsylvania, (15) South Carolina, (16) South Dakota, (17) Tennessee, (18) Utah, (19) Virginia, and (20) Wisconsin. (the "Multi-States")

dispute set forth herein, or at the least, and any difference would be manageable in the class context. *See Steinberg v. Nationwide Mutual Insurance Co.*, 224 F.R.D. 67, 76 (E.D.N.Y. 2004)(involving a 46-state putative class claiming breach of standard form insurance contracts).

B.  Plaintiff's Claim and AUTO-OWNERS's Conduct

22. On May 18, 2019, a confirmed tornado damaged Plaintiff's business, premises, real property, equipment, and other belongings. Plaintiff's damages included damage to the roof and roofing structure, water damages resulting from roof damage, interior components both structurally and cosmetically in the real property owned by Plaintiff, and other equipment and tools of the trade as wells as fixtures inside the property.

23. Plaintiff promptly submitted a claim under the Policy.

24. During the adjustment of Plaintiff's claim, AUTO-OWNERS refused to pay for damages to the roof and falsely represented that Plaintiff's Policy did not provide coverage for interior damage to the property.

25. In adjusting Plaintiff's claim, AUTO-OWNERS's included the cost of reconstructing the foundation of the building when determining the value of the Covered Property and applying its Coinsurance penalty.

26. The following illustrates the profitability of AUTO-OWNERS's scheme in including the amount of the foundation reconstruction in the replacement cost of the building:

|  | By including foundation in replacement cost of building | Properly excluding foundation in replacement cost of the building |
|---|---|---|
| Value of building at time of loss | $883,036.00 | $763,492.00 |
| Multiply the value of the Covered Property at the time of loss by the Coinsurance percentage | $883,036.00 x 80% = $706,428.80 | $763,492.00 x 80% = $610,793.60 |
| Divide the Limit of Insurance of the property by the figure determined in Step (1) | $399,200/$706,428.80= 0.57 | $399,200/$610,793.60= 0.65 |
| Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2) | $225,000.00 x 0.57= $128,250.00 | $225,000.00 x 0.65= $146,250.00 |
| Subtract the deductible from the figure determined in Step (3). | $128,250.00 - $5,000.00 = $123,250.00 (the most AUTO-OWNERS will pay) | $146,250.00 - $5,000.00= $141,250.00 (the most AUTO-OWNERS will pay) |

27. Because Defendant included the cost of the foundations in its value of the Covered Property, it was able to pay $18,000.00 less than it was contractually obligated to pay.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this Action individually and on behalf of a class of similarly situated persons under Rule 23 of the Federal Rules of Civil Procedure.

29. Plaintiff sues on its own behalf and for the following Multi-State Classes:

<u>Class A</u>: All persons or entities that have a commercial property damage policy of insurance with AUTO-OWNERS.

<u>Class B</u>: All persons or entities who have or had a commercial property damage policy of insurance with AUTO-OWNERS at any time from September 24, 2016 to the present, and who received a payment

for a property damage claim which payment was reduced by the Coinsurance provisions of the policy pursuant to a property valuation that included foundation work or repairs

30. Alternatively, Plaintiff sues on its own behalf and for the following Arkansas-only Classes:

**Class A**: All Arkansas residents that have a commercial property damage policy of insurance with AUTO-OWNERS.

**Class B**: All Arkansas residents who have or had a commercial property damage policy of insurance with AUTO-OWNERS at any time from September 24, 2016 to the present, and who received a payment for a property damage claim which payment was reduced by the Coinsurance provisions of the policy pursuant to a property valuation that included foundation work or repairs.

31. Although the precise number of Class Members is unknown, there are enough members who are putative Class Members to meet the requirements of Rule 23(a)(1).

32. Plaintiff is a member of the Classes.

33. The books and records of Defendant can determine the precise number and identity of the Classes' members.

34. Plaintiff's claims are typical of the claims of all the Classes Members in that all putative Class Members had commercial property damage policy of insurance with AUTO-OWNERS and/or first-party claims with AUTO-OWNERS' insureds where AUTO-OWNERS inflated the Value of building at the time of loss by including the building's foundation in the replacement cost.

35. No antagonism exists between the interest of the Representative Plaintiff and the interest of other Class Members, and Plaintiff is fully prepared to pursue its case diligently on their behalf. Plaintiff is otherwise a proper person to serve as Class representative and is interested in the outcome of this litigation and understands the importance of adequately

representing the Class. Further, Plaintiff will fairly and adequately protect the interests of the Classes sought to be certified in this Action.

36. Plaintiff's counsel is experienced in class action and insurance litigation and are well qualified to conduct this litigation.

37. There are numerous questions of law or fact within the meaning of Rule 23. These common questions predominate over any questions affecting only individual Class Members within the meaning of Rule 23(a)(2). These common questions include, but may not be limited to:

    a. Whether, through the Class Period, as part of a common scheme and general business practice, Defendant included the cost of repairing the building's foundation as part of a scheme to reduce the amount it must pay its policyholders, through a Coinsurance provision?

    b. Whether, through the Class Period, as part of a common scheme and general business practice, the Defendant applied its Coinsurance penalty in a uniform way to Plaintiffs and the Class members?

    c. Whether, through the Class Period, as part of a common scheme and general business practice, Defendant determined the value of Covered Property at the time of loss included the foundations of buildings, structures, machinery or boilers if their foundations are below: (1) The lowest basement floor; or (2) The surface of the ground, if there is no basement.

    d. What administrative ability does Defendant have to identify Class Members?

    e. Why did Defendant include in the value of Covered Property at the time of loss the foundations of buildings, structures, machinery or boilers if their foundations are below: (1) The lowest basement floor; or (2) The surface of the ground, if there is no basement?

38. Defendant has acted on the grounds that apply generally to Plaintiffs and all Class Members, so that declaratory and injunctive relief is necessary and appropriate for the Class as a

whole, consistent with Rule 23(b)(2) of the Federal Rules of Civil Procedure.

39. The Class is sufficiently cohesive to meet the requirement of Rule 23(b)(2).

40. The critical remedy that Plaintiffs seek is primarily declaratory and injunctive. Thus, the monetary relief that Plaintiffs seek is secondary to, and flows from, the declaratory/injunctive request.

41. The common pattern of conduct by Defendant (and the common legal theories for redressing the misconduct) support the maintenance of this Action as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. Under Rule 23(b)(3), a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Class Members' claims to one forum since it will conserve party and judicial resources and facilitate the consistency of adjudication.

43. The damages suffered by individual Class Members are relatively modest, and their interest in maintaining separate actions is questionable, and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrong done to them, the class mechanism of Rule 23 is superior. Plaintiff knows of no difficulty encountered in the management of this Action that would preclude its maintenance as a class action.

44. It is administratively feasible to determine whether a particular individual is a member of the Class because AUTO-OWNERS has the administrative ability to identify all Class Members.

### COUNT I – DECLARATORY JUDGMENT
### (On behalf of the Multi-State Class A and Arkansas-Only-Class A)

45. Plaintiff hereby incorporates by reference the preceding paragraphs of this

Complaint as if fully set forth herein.

46. Plaintiffs request that the Court issue a judgment under 28 U.S.C. §2201, and declare that:

    a. that the contracts prohibit Defendant from including the cost of a building's foundation when applying its Coinsurance provisions.

47. Under 28 U.S.C. §2202, Plaintiffs seek further necessary or proper relief based on any declaratory judgment or decree entered in this Action.

48. Plaintiff and the Classes are interested parties insofar as they have insurance contracts and seek the construction and declarations of rights under these contracts.

49. Accordingly, Plaintiff and the Classes respectfully request this Court construe the rights and obligations of the parties under each contract.

## COUNT II: BREACH OF CONTRACT
### (On behalf of the Multi-State Class B and Arkansas-Only-Class B)

50. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

51. Plaintiff and the Classes entered into contracts with AUTO-OWNERS, which AUTO-OWNERS agreed to pay the cost of the Covered Property, and if a Coinsurance penalty applied, AUTO-OWNERS would determine the value of the Covered Property at the time of loss without considering the cost of replacement of the foundation.

52. By adding the cost of replacing the foundation to the value of the covered property, AUTO-OWNERS breached its contract.

53. Plaintiff and the Classes have been injured due to the Defendant's failure to pay Plaintiff and the Classes according to the terms of the contract.

## COUNT III – UNJUST ENRICHMENT
### (On behalf of the Multi-State Class B and Arkansas-Only-Class B)

54. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

55. Plaintiff and the Classes provided insurance premiums for coverage to be provided by Defendant.

56. It was reasonably expected that Plaintiff and the Classes would be paid in accordance with the terms of their contracts with AUTO-OWNERS.

57. The Defendant was aware that Plaintiff and the Classes expected to be paid in accordance with the terms of their contracts with AUTO-OWNERS. Defendants accepted premiums in exchange for this expectation.

58. Defendant's failure to pay in accordance with the terms of the Plaintiff's and the Classes' contracts has unjustly enriched Defendant to the detriment of Plaintiff and the Classes.

59. Plaintiff and the Classes have been injured due to Defendant's failure to pay Plaintiff and the Classes in accordance with the terms of the contracts. In addition, Plaintiffs and the Classes have incurred costs, including attorney's fees, in pursuit of the benefits to which they are entitled.

## COUNT IV – BREACH OF CONTRACT
### (On Behalf of Plaintiff individually)

60. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

61. AUTO-OWNERS, after having all information available, has continuously, systematically refused to pay a valid claim for tornado damage to the Plaintiffs' structure and other contents as insured.

62. That by failing and refusing to pay a valid claim, Separate Defendant, Auto-

Owners is in breach of its contact of catastrophic insurance coverage covering the building, structure, contents, and other equipment and fixtures of Plaintiff.

63. Plaintiff demanded the sum and amount of $200,000 to satisfy the claim, which demand was refused by AUTO-OWNERS.

64. Under Ark. Code Ann. § 23-79-208, the Plaintiff has filed this action against an insurance carrier as that term is defined in this statute, such that Plaintiff should be entitled to a 12% penalty and all attorney's fees.

### COUNT IV – BAD FAITH
### (On Behalf of Plaintiff individually)

65. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

66. That the actions of AUTO-OWNERS as described throughout this Complaint, amount to bad faith as that term and cause of action is defined in the State of Arkansas.

67. That the gross overvaluation of the Plaintiff's building, through the Defendant's appraisal software valuing the building in excess of $800,000 amounts to an affirmative act in an effort to avoid an otherwise valid claim. The gross overvaluation by the appraisal software of the Defendant, without knowledge of the Fort Smith, Arkansas area, Towson Avenue commercial building values, or otherwise undertaking an independent investigation before offering a claim settlement, affirmatively establishes a factual issue as to whether Auto-Owners engaged in conduct amounting to an affirmative action in devaluing Plaintiff's claim as a result of wind and/or water damage from the resulting tornado in the Fort Smith, Arkansas, area. The affirmative actions and conduct of AUTO-OWNERS and its agents, including its adjusters, amounts to bad faith as that cause of action is defined under relevant Arkansas law entitling Plaintiff to punitive damages, costs and attorney's fees.

68. At all times relevant, AUTO-OWNERS had a duty of good-faith and fair dealing with its insured, Plaintiff.

69. That the acts, omissions, representations and misrepresentations made by AUTO-OWNERS, and its agents, employees, representatives, and adjusters amounts to a material affirmative act of misconduct, such that said act is dishonest, oppressive, or is carried out with a state of mind characterized by ill-will as to otherwise avoid a valid claim. Specifically, the act of AUTO-OWNERS, its agents, employees, adjusters, or representatives in grossly overvaluing the premises for purposes of its Coinsurance provisions without proper documentation, appropriate valuation, or proper and appropriate valuation practices is an affirmative act to otherwise avoid a valid claim by invoking the coinsured provision of the contact substantially decreasing the total value of Plaintiff's catastrophic property damage claim.

70. Additionally, the specific act of misrepresentations with knowledge of the falsity, regarding insurance coverage or lack thereof for all interior damage to the premises of Plaintiff, contrary to the policy coverage, is affirmative misconduct, dishonest, oppressive, and carried out with ill-will in an attempt to coerce Plaintiff to accept an offer substantially less than due under policy coverage.

71. That at all times relevant, AUTO-OWNERS, and its agents, employees, adjusters, representatives, and servants represented to Plaintiff that under the terms of the Policy, specifically the Coinsurance provisions, it was justified in reducing the claim of Plaintiff by an alleged appropriate percentage under the relevant conditions of the contract. Said representation was false, misleading, and is affirmative misconduct, dishonest, oppressive, and carried out with ill-will in an attempt to minimize Plaintiff's valid claim.

## DEMAND FOR JURY TRIAL

72. Under Rule 38(a) Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, individually and on behalf of all other similarly situated, prays this Court:

A. Determine this action be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. Costs, including reasonable attorneys' fees, as permitted by law;

C. An equitable accounting of sums due from Defendant to Plaintiff and the Class;

D. Declaratory relief and "necessary or proper" "further relief" as provided by law;

E. Damages for Plaintiff's individual claim, costs, attorneys fees, a 12% penalty, and punitive damages;

F. Such other relief in law and equity, including without limitation, costs, pre-judgment interest, post-judgment interest, and any other relief to which Plaintiff and Class may be entitled.

DATE: September 24, 2021

Respectfully Submitted,

Phillip J. Milligan (#92055)
MILLIGAN LAW OFFICES
Milligan Law Offices
500 So. 16th Street
P.O. Box 2347
Fort Smith, AR 72902-2347
(479) 783-2213 / fax (479) 783-4329
Email: milliganlaw@sbcglobal.net

Thomas P. Thrash (#80147)
Will T. Crowder (#03138)
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201-1214
(501) 374-1058 / fax (501) 374-2222
Email: tomthrash@thrashlawfirmpa.com
Email: willcrowder@thrashlawfirmpa.com

_____
**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS MEMBERS**