UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MASON'S AUTOMOTIVE COLLISION
CENTER, LLC, on behalf of itself and all
similarly situated persons and entities                                                        PLAINTIFF

v.                                         No. 2:21-CV-02153

AUTO-OWNERS INSURANCE
COMPANY                                                                                       DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' second joint motion for protective order (Doc. 23) and proposed protective order (Doc. 23-2). The parties request a protective order governing certain confidential documents and information that will be exchanged in discovery. The motion will be GRANTED, and a revised protective order will be entered.

The parties have shown good cause for the entry of a protective order as to documents containing trade secrets and other confidential commercial information, which falls squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, each party appears to agree as to the proposed protective order. The protective order will neither impair prosecution nor the defense of the claims. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing confidential commercial information.

The parties' proposed protective order also includes private personal information, which

1

encompasses "personal identifying or financial information concerning claimants other than Plaintiff." (Doc. 23-2, p. 1-2, ¶ 2). The Court finds good cause exists for entry of a protective order encompassing private personal information.

However, the proposed protective order will be revised to comport with this Court's standard operating procedure for filing confidential or highly confidential materials, to clarify that the protective order does not govern the use of protected material at hearing or trial, and to reflect the Court's standard retention policy upon the close of litigation. The Court will separately enter a revised protective order.

IT IS SO ORDERED this 12th day of April, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE