UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MASON'S AUTOMOTIVE COLLISION
CENTER, LLC                                                           PLAINTIFF

v.                                      No. 2:21-CV-02153

AUTO-OWNERS INSURANCE COMPANY                                        DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff Mason's Automotive Collision Center, LLC's motion (Doc. 27) for certification of a class action, brief in support (Doc. 29) of the motion, and several exhibits filed under seal (Doc. 28) pursuant to a protective order (Doc. 25).  Defendant Auto-Owners Insurance Company filed a response (Doc. 32) in opposition.[1]  Plaintiff seeks Rule 23 class certification of claims for breach of contract, unjust enrichment, and declaratory judgment premised on allegations that Defendant overinflated Coinsurance premiums by wrongfully including the value of foundations which were otherwise excluded from insurance coverage when determining the value of a covered property.  The motion to certify will be GRANTED IN PART as stated herein.

### I.    Background

Plaintiff is an Arkansas limited liability company operating an auto body shop in Fort Smith, Arkansas.  Defendant issued Plaintiff an insurance policy, policy number 175024-70545480-18 (the "Policy"), which provided coverage to Plaintiff's property with a limit of $399,200.  The Policy's declarations also included a Coinsurance percentage of 80% and a

---

[1] Plaintiff also filed a reply (Doc. 39) in support of its motion to certify.  However, this reply was not timely filed and no motion for extension of time was granted by the Court.  Therefore, the Court did not consider the untimely reply.

deductible of $5,000.

According to Defendant, "[c]oinsurance is a common feature of property insurance, which is designed to discourage policyholders from underinsuring their property." (Doc. 32, p. 3). Because most losses are partial losses and not total losses, insureds are often incentivized to insure less than the full value of their property in exchange for lower premiums. "As a result, insurers end up paying a higher percentage of claims at the upper end of a policyholder's limit of insurance but receive relatively low premiums in return." *Id.* To address this, coinsurance provisions are added to policies. The coinsurance provision the Policy reads:

**1. Coinsurance**
If a Coinsurance percentage is shown in the Declarations, the following condition applies:

    a. We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

    Instead, we will determine the most we will pay using the following steps:
        (1) Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;
        (2) Divide the Limit of Insurance of the property by the figure determined in Step (1);
        (3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and
        (4) Subtract the deductible from the figure determined in Step (3).
We will pay the amount determined in Step (4) or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

(Doc. 8-1, p. 64).

In most polices Defendant issues, foundations are excluded from coverage. For example, the Policy includes the following exclusion:

**2. Property Not Covered**
. . .
g. Foundations of buildings, structures, machinery or boilers if their foundations

2

are below:
(1) the lowest basement floor; or
(2) The surface of the ground, if there is no basement;

*Id.* at p. 55.

Though below-grade foundations are excluded from coverage under the Policy, the exclusion of below-grade foundations "from the total replacement cost is an underwriting philosophy rather than an element or function of the valuation process, [and] the deduction of [below-grade foundations] is left to the discretion of the [adjuster]." (Doc. 28-2, p. 2). To exclude below-grade foundations from the valuation, the adjuster must "click the Separate Insurance Exclusion Box." *Id.* Because an adjuster must manually "click the Separate Insurance Exclusion Box," the value of a below-grade foundation is commonly included when determining the total value of Covered Property even though the foundation itself is not Covered Property as defined by the policy.

Plaintiff's individual claims arise from a May 18, 2019, tornado that allegedly damaged Plaintiff's real and personal property. Plaintiff filed a claim with Defendant and was issued partial payment for the damages. Plaintiff's claim was reduced by the Coinsurance premium as outlined in the Policy. However, in determining the value of Covered Property, Defendant included the value of the property's foundation, though the foundation was an exclusion in the Policy. Plaintiff argues that because the foundation was not Covered Property it should not have been included in determining the value of Plaintiff's Covered Property at the time of the loss, and by including the foundation Defendant paid $18,000 less than it should have if the foundation had not been included when calculating the Coinsurance premium. *See* Doc. 8, p. 7.

Plaintiff filed the instant lawsuit alleging individual claims for breach of contract and bad faith, and seeks to pursue class actions for declaratory judgment, breach of contract, and unjust

enrichment. Plaintiff filed the instant motion seeking to certify a multi-state class or, in the alternative, an Arkansas-only class under Rule 23(b)(2) or Rule 23(b)(3). The multi-state class is proposed to include the 20 states in which Defendant does business: Alabama, Arkansas, Georgia, Idaho, Iowa, Illinois, Indiana, Kansas, Missouri, North Carolina, North Dakota, Nebraska, Ohio, Pennsylvania, South Carolina, South Dakota, Tennessee, Utah, Virginia, and Wisconsin. Defendant opposes the certification of any class action.

## II.    Legal Standard

Class actions lawsuits are governed by Federal Rule of Civil 23, which provides that

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(2) permits a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Alternatively, to certify a class action under Rule 23(b)(3), the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "Certification [under Rule 23(b)(3)] is appropriate if 'the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 375 (8th Cir. 2018) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)). "A class may be certified based on common issues 'even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some

4

individual class members.'" *Id.* (quoting *Tyson Foods, Inc.*, 577 U.S. at 453)). "A district court has 'broad discretion' to determine whether certification is appropriate." *Id.* (quoting *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016)).

## III.   Analysis

### A.   The Multi-State Class

#### 1.   Rule 23(b)(3)

Federal Rule of Civil Procedure 23(b)(3)(D) requires the Court to consider "the likely difficulties in managing a class action" when determining whether to certify a Rule 23(b)(3) class action. Variations in state law may render a multi-state class unmanageable. *See Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 986 (D. Minn. 2020); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002). This is because "an individualized choice-of-law analysis must be applied to each plaintiff's claim in a class action." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1120 (8th Cir. 2005) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 822-23 (1985)). If there exist outcome-determinative differences between the laws of different states, individualized issues will predominate over common issues and the class should not be certified. *See in re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 611 (8th Cir. 2011).

Here, the Court finds that differences in state law render a multi-state class unmanageable. This case centers on the question of how the actual cash value of Covered Property should be determined when calculating the value of any applicable Coinsurance premium under Defendant's insurance policies. Three different tests exist to determine the actual cash value of property when the policy is silent on the definition, as here. Those tests are: (1) the fair market value test; (2) the replacement costs minus depreciation test; and (3) the broad evidence rule.

Under the fair market value test the actual cash value is equivalent to the fair market value

of the property.  *See Forer v. Quincy Mut. Fire Ins. Co.*, 295 A.2d 247, 249 (Me. 1972).  Of the states in the proposed multi-state class action, Alabama,[2] Georgia,[3] Missouri,[4] North Dakota,[5] and Nebraska[6] use the fair market value test to determine the actual cash value of property.

The replacement cost minus depreciation test calculates actual cash value by determining the replacement cost of property and subtracting depreciation of the property which was destroyed. *See Trinidad v. Fla. Peninsula Ins. Co.*, 121 So. 3d 433, 438 (Fla. 2013).  Arkansas,[7] Illinois,[8] Kansas,[9] Ohio,[10] Pennsylvania,[11] Utah,[12] and Wisconsin have adopted this test.[13]

Under the broad evidence rule "the trier of facts [may] consider any evidence logically tending to the formation of a correct estimate of the value of the insured property at the time of loss." *Hicks v. State Farm Fire & Cas. Co.*, 751 F. App'x 703, 706 (6th Cir. 2018) (quoting *Am. States Ins. Co. v. Mo-Lex, Inc.*, 427 S.W.2d 236, 238 (Ky. 1968)).  Idaho,[14] Indiana,[15] Iowa,[16]

---

[2] *Glens Falls Ins. Co. v. Garner*, 155 So. 533, 536 (Ala. 1934).

[3] *Am. Cas. Co. v. Parks-Chambers, Inc.*, 142 S.E. 2d 275, 277 (Ga. App. 1965).

[4] *De Witt v. Am. Fam. Mut. Ins. Co.*, 667 S.W.2d 700, 708 n.6 (Mo. 1984).

[5] *Butler v. Etna Ins. Co.*, 256 N.W. 214, 218 (N.D. 1934).

[6] *Olson v. Le Mars Mut. Ins. Co.*, 696 N.W.2d 453, 457-59 (Neb. 2005).

[7] *See Adams v. Cameron Mut. Ins. Co.*, 430 S.W.3d 675, 678 (Ark. 2013).

[8] *Carey v. Am. Fam. Brokerage, Inc.*, 909 N.E.2d 255, 263 (Ill. App. Ct. 2009)

[9] *Thomas v. Am. Fam. Mut. Ins. Co.*, 666. P.2d 676, 679 (Kan. 1983).  Notably, Kansas applies the replacement cost minus depreciation test only in cases where a partial loss occurs. When property is wholly destroyed, Kansas applies the fair market value test.  *See id.* at 677; Kan. Stat. Ann. § 40-905(a) (2005).

[10] *Paterson-Leitch Co. v. Ins. Co. of N.A.*, 366 F. Supp. 749, 756 (N.D. Ohio 1973).

[11] *Gilderman v. State Farm Ins. Co.*, 649 A.2d 941, 945 (Pa. Super. Ct. 1994).

[12] Utah Dep't of Insurance, *Glossary of Homeowner Insurance Terms*, https://insurance.utah.gov/consumer/auto-home/home-insurance/home-glossary (last visited July 7, 2022); *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 436 (Utah 2006).

[13] *Coppins v. Allstate Indem. Co.*, 857 N.W.2d 896, 907-08 (Wis. Ct. App. 2014).

[14] *Boise Ass'n of Credit Men v. U.S. Fire Ins. Co.*, 256 P. 523, 528 (Idaho 1927)

[15] *Gregory & Appel Ins. Agency v. Phila. Indem. Ins. Co.*, 835 N.E. 2d 1053, 1060 (Ind. App. Ct. 2005).

[16] *Britven v. Occidental Ins. Co.*, 13 N.W.2d 791, 794 (Iowa 1944).

North Carolina,[17] South Carolina,[18] South Dakota,[19] Tennessee,[20] and Virginia[21] have adopted the broad evidence rule.

Determination of the actual cash value is central to the issues posed in this lawsuit.  Indeed, the class action claims are based on allegations that the actual cash value of property was overinflated by including the value of below-grade foundations, and therefore policyholders were charged higher coinsurance premiums to the benefit of Defendant.  Because the three tests to determine actual cash value are obviously different and these differences would likely result in outcome-determinative differences, the Court finds such a class would be unmanageable.  Further, as to the class action claim for unjust enrichment, "the states' different approaches to, or elements of, unjust enrichment are significant."  *Thompson v. Bayer Corp.*, No. 07CV00017, 2009 WL 362982, at *4 (E.D. Ark. Feb. 12, 2009) (discussing the conflicts between unjust enrichment laws in different states).

Therefore, the Court will decline to certify a multi-state class action under Rule 23(b)(3).

### 2.    Rule 23(b)(2)

Rule 23(b)(2) permits a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  The Supreme Court has held that:

> Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.  It does not authorize class certification when each individual class member would be entitled to a different injunction or

---

[17]   *Balestrieri v. Am. Home Assur. Co.*, No. 07CV109, 2010 WL 1533375, at *1-2 (W.D.N.C. Apr. 15, 2010).

[18]   *S.C. Elec. & Gas Co. v. Aetna Ins. Co.*, 120 S.E.2d 111, 117-18 (S.C. 1961).

[19]   *Lampe Mkt. Co. v. Alliance Ins. Co.*, 22 N.W.2d 427, 428 (S.D. 1946).

[20]   *Braddock v. Memphis Fire Ins. Corp.*, 493 S.W.2d 453, 460 (Tenn. 1973).

[21]   *Harper v. Penn Mut. Fire Ins. Co.*, 199 F. Supp. 663, 664 (E.D. Va. 1961).

declaratory judgment against the defendant.  Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011).  Additionally, class claims under Rule 23(b)(2) must be cohesive.  "Indeed, cohesiveness is even more important for a Rule 23(b)(2) class because, unlike Rule 23(b)(3), there is no provision for unnamed class members to opt out of the litigation."  *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1035 (8th Cir. 2010).  "Plaintiffs must show, 'prior to class certification, that the differences in state laws within each of their groupings are nonmaterial' as to both their 23(b)(3) and 23(b)(2) classes."  *In re Prempro*, 230 F.R.D. 555, 562 (E.D. Ark. 2005) (quoting *in re Paxil Litig.*, 212 F.R.D. 539, 545 (C.D. Cal. 2003).

Here, the class's claims for unjust enrichment and breach of contract squarely call for an individualized award of monetary damages, and therefore such claims are inappropriate for Rule 23(b)(2) class certification.  As to the putative class's claim for declaratory judgment, due to differences in state law, a class action under Rule 23(b)(2) is inappropriate.  As argued by Defendant in its briefing, because the broad evidence rule "permits consideration of all evidence an expert would find relevant to a determination of value," there is an argument to be made that in states which have adopted the broad evidence rule it is permissible to consider the value of a below-grade foundation in determining the value of Covered Property because the condition and value of the otherwise excluded foundation is so inextricably linked the value of property as a whole.  *Zochert v. Nat'l Farmers Union Prop. & Cas. Co.*, 576 N.W.2d 531, 533 (S.D. 1998); *see also Britven*, 13 N.W.2d at 794.  Because of these material differences in state law, the Court finds that declaratory judgment on a multi-state basis is inappropriate and will decline to certify a multi-state class pursuant to Rule 23(b)(2).

### B.    The Arkansas-Only Class Action

Though differences between state law prevent certification of a multi-state class action, this concern does not in arise in an Arkansas-only class of plaintiffs.  Therefore, the Court will certify an Arkansas-only class.

  **1.**  **Rule 23(a)**

   **a.**  **Numerosity**

Rule 23(a)(1) requires the plaintiff to show that "the class is so numerous that joinder of all members is impracticable."  "In establishing numerosity, a plaintiff does not need to show the exact number of potential class members, only that the number is such that joinder is extremely difficult or inconvenient."  *Walls v. Sagamore Ins. Co.*, 274 F.R.D. 243, 253 (W.D. Ark. 2011) (citing *Morgan v. United Parcel Serv.*, 169 F.R.D. 349, 354 (E.D. Mo. 1996)). Here, though no evidence of the exact number of class members has been submitted to the Court, the Court finds that a class consisting of most Auto-Owners Arkansas policyholders who have filed claims since 2016 will likely satisfy the numerosity requirement, and therefore Rule 23(a)(1) is satisfied.

   **b.**  **Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  Under Supreme Court precedent, "for purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart Stores, Inc.*, 564 U.S. at 359 (internal quotations omitted) (alterations adopted). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id.* at 349-50 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "That common contention, moreover, must be of such a nature that it is capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 350.  Here, the Plaintiff has submitted a sufficiently common question to the Court—whether, under Arkansas law, Defendant may include

the value of an otherwise excluded foundation when determining the value of Covered Property in calculating any applicable Coinsurance premium. The determination of this question is central to the claims of the entire proposed Arkansas class, and therefore the requirements of Rule 23(a)(2) are satisfied.

### c. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980). Here, the named Plaintiff is an Arkansas policyholder, whose foundation was otherwise excluded from coverage, and such foundation was included in the calculation of the Coinsurance premium applicable to Plaintiff's claim under the insurance policy. Plaintiff's claims arise under a form insurance policy which is similar if not identical to other policies issued to Arkansas policyholders. The claims and defenses available to Plaintiff are the same claims and defenses available to all potential Arkansas class members. As such, Plaintiff's claims fairly encompass the claims of other potential class members, and the typicality requirement is satisfied.

### d. Adequacy of Representation

The final prerequisite under Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citing *Falcon*, 457 U.S. at 157-58 n.13). The Court has not been presented with any potential conflicts of interest between the named Plaintiff and potential class members. Therefore, the Court finds that the requirements of Rule

23(a)(4) are satisfied.

### 2.     Rule 23(b)

#### a.     Rule 23(b)(2)

As discussed above, though the class's claims for breach of contract and unjust enrichment may not be certified under Rule 23(b)(2), the claim for declaratory judgment is squarely addressed by the text of the rule.  Because declaratory judgment regarding whether, under Arkansas law, Defendant may include the value of an excluded foundation when calculating the Coinsurance premium would provide relief to each member of the class uniformly, such a claim may be properly certified under Rule 23(b)(2).  Therefore, the Court will certify a class under Rule 23(b)(2) on the claim for declaratory judgment, as defined below.

#### b.     Rule 23(b)(3)

The unmanageability concerns of a multi-state class under Rule 23(b)(3) do not arise in an Arkansas-only class of plaintiffs.  A class action under Rule 23(b)(3) is appropriate when "questions of law or fact common to class members predominate over any questions affecting only individual members, and [the Court finds] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  In determining whether a class action is appropriate under Rule 23(b)(3), the Court must consider

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

"Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote, uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Fed. R. Civ.

11

P. 23(b)(3) advisory committee's note to 1966 amendment.

Here, the Court is aware of no other litigation concerning this controversy filed in this forum or elsewhere.  Additionally, because all claims and defenses available to the class members appear at this stage to be identical and arise from identical insurance policies, the Court finds that common questions of law and fact predominate over any individual issues, and such a class would be sufficiently manageable.  Further, because all potential plaintiffs are Arkansas residents, the Court finds that centering litigation in this forum is desirable.  Finally, due to the relatively small value of the individual claims when compared to the cost of litigation (for example, the named Plaintiff claims to have been damaged to the tune of around $18,000), the Court finds that a class action is the superior method for fairly and efficiently resolving the claims of the class.

Therefore, the Court will certify an Arkansas-only Rule 23(b)(3) class action on claims of breach of contract and unjust enrichment, with the class to be defined as stated below.

### 3.     Hybrid Class Action and Bifurcation

Because the Court has certified a class under both Rule 23(b)(2) and (b)(3), the certification is a "hybrid certification."  *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 480 (8th Cir. 2016).  "A hybrid class action bifurcates the action into two phases: the first phase addresses the issue of liability under Rule 23(b)(2); and the second phase addresses the damages issue under the procedure for Rule 23(b)(3) once liability is determined to exist."  *Ebert v. Gen. Mills, Inc.*, No. 13-3341, 2015 WL 867994, at *16 (D. Minn. Feb. 27, 2015), *rev'd on other grounds*, 823 F.3d 472 (8th Cir. 2016)).  To insulate the (b)(2) class from the money-damage portion of this litigation, the Court will bifurcate the action into two phases.  In the first phase, liability will be determined through the declaratory relief sought by the Rule 23(b)(2) class.  Should the case proceed to the second phase, the claims of the Rule 23(b)(3) class will be adjudicated.  The classes certified under both

Rule 23(b)(2) and Rule 23(b)(3) will be defined as follows:

> All Arkansas residents who have or had a commercial property damage policy of insurance with Auto-Owners at any time from September 24, 2016 to the present, whose foundations were excluded from coverage by the terms of the policy, and who received a payment for a property damage claim which payment was reduced by the Coinsurance provisions of the policy pursuant to a property valuation that included the cost of foundations.

Plaintiff must separately file a motion for notice to be distributed to potential Rule 23(b)(3) class members.

### 4.      Appointment of Class Counsel

Federal Rule of Civil Procedure 23(c)(B) requires that an order certifying a class action must appoint class counsel which satisfies the requirements of Rule 23(g).  The Court must consider (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law; and" (4) "the resources that counsel will commit to representing the class."  Counsel must also "fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).

Plaintiff's counsel has filed a declaration (Doc. 27-27) which demonstrates that Plaintiff's counsel is competent to represent the interests of the Rule 23(b)(2) and Rule 23(b)(3) classes. Counsel has ably represented Plaintiff since the inception of this litigation, and the declaration filed by counsel details counsels' experience in handling other consumer fraud cases and class action litigation.  Therefore, the Court finds that Plaintiff's counsel has satisfied the requirements of Rule 23(g) and appoints Plaintiff's counsel as class counsel.

### IV.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff Mason's Automotive Collision Center LLC's motion (Doc. 27) is GRANTED IN PART, as stated herein.  This case will be bifurcated,

with the claim of the Rule 23(b)(2) class to be adjudicated in phase one, and the claims of the Rule 23(b)(3) class to be adjudicated in phase two.  Plaintiff's counsel is appointed as class counsel for both the Rule 23(b)(2) and Rule 23(b)(3) classes.

IT IS SO ORDERED this 13th day of July, 2022.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE